GMM | Gimigliano Mauriello & Maloney

**Joshua A. Druck**
**Direct Dial 973-946-8298**
**jdruck@lawgmm.com**

July 8, 2026

VIA CM/ECF
Honorable Leda Dunn Wettre, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King, Jr. Federal Building and U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re: Centene Corp. v. Merck & Co., Inc., No. 2:23-cv-23033 (BRM) (LDW); Humana Inc. v. Merck & Co., Inc., No. 2:23-cv-23023 (BRM) (LDW)

Dear Judge Wettre:

Pursuant to the Court's June 26, 2026 Order (*Humana* ECF 202; *Centene* ECF 120), Plaintiff Humana Inc. ("Humana"), Plaintiffs Centene Corporation, WellCare Health Plans, Inc., New York Quality Healthcare Corporation dba Fidelis Care, and Health Net, LLC (collectively, "Centene"), and Defendants and Third-Party Plaintiffs Merck & Co., Inc., Merck Sharp & Dohme Corp. (merged into and now known as Merck Sharp & Dohme LLC), Schering-Plough Corp., and Schering Corp. (collectively, "Merck") respectfully submit this joint letter in accordance with the Court's Order.

## HUMANA ACTION (2:23-cv-23023-BRM-LDW)

### Proposed Schedule

Humana and Merck present their respective proposed scheduling deadlines and position statements below.

| # | Event | Humana's Proposal | Merck's Proposal |
|---|---|---|---|
| 1 | Humana's service of:<br>• Narrowed version of ROG 8;<br>• Narrowed versions of RFPs 47-50; and<br>• Amended versions of RFPs 51-60 to conform them to the modifications, if any, discussed on the record with the Court | Already completed on 7/2/26 (Agreed) | |

| # | Event | Humana's Proposal | Merck's Proposal |
|---|---|---|---|
| 2 | Merck's service of responses and objections to Humana's:<br>• ROG 7;<br>• Narrowed version of ROG 8;<br>• Narrowed/amended versions of RFPs 47-60; and<br>• RFAs | 7/22/26<br>(Agreed, other than Humana's footnote below[1]) | |
| 3 | Merck's document production regarding Humana's RFPs 47-60 | 8/4/26<br>(Agreed[2]) | |
| 4 | Humana's document production on disputed RFPs | *Not Applicable* | 8/4/26 |
| 5 | Merck's service of supplemental privilege log, if any, regarding withheld documents responsive to Humana's RFPs 47-60, if any | 8/7/26<br>(Agreed) | |
| 6 | Humana's service of supplemental privilege log, if any | *Not Applicable* | 8/7/26 |
| 7 | Meet and confer regarding any remaining issues following document productions and production of supplemental privilege logs | 8/11/26<br>(Agreed) | |
| 8 | Humana's service of deposition notices, if any, including Second Amended Rule 30(b)(6) notice to Merck | 8/11/26<br>(Agreed) | |
| 9 | Merck's service of responses and objections, if any, to any Humana deposition notices | 8/25/26<br>(Agreed) | |
| 10 | Meet and confer regarding any disputes concerning Humana's deposition notices, if any, and any other remaining disputed issues | 9/1/26<br>(Agreed) | |

[1] The Court already held that: (1) "Humana's application to compel defendants (collectively, 'Merck') to respond to Interrogatory No. 7 is granted," and (2) "Humana's application to compel Merck to respond to RFP Nos. 51, 52, 53, 54, 55, 56, 57, 58, 59, and 60, with any modifications discussed on the record, is granted." (*Humana* ECF 202 at 2). Accordingly, Humana does not agree that Merck is entitled to serve additional objections to these discovery requests.

[2] Merck will endeavor to make its document productions on a rolling basis.

| # | Event | Humana's Proposal | Merck's Proposal |
|---|---|---|---|
| 11 | Joint letter regarding any remaining discovery disputes | 9/10/26 (Agreed) | |
| 12 | Deadline to complete depositions pursuant to Humana's deposition notices (to the extent Merck does not object to them) | 9/23/26 | *No Deadline Proposed* |

**<u>Humana's Position Statement</u>**

Humana has agreed to *every* single deadline proposed by Merck concerning the discovery Merck is required to provide pursuant to the Court's June 26, 2026 Order (*Humana* ECF 202).

Merck, on the other hand, will not agree to a deadline by which depositions of Merck's witnesses will be completed to the extent Merck does not object to the depositions. The purpose of adding this deadline is to keep things moving forward as efficiently as possible before the summary judgment stage. Humana proposes September 23, 2026 for this deadline, which would give the parties six weeks after the deposition notices are issued to find a date that works for the witnesses and counsel.

Further, Merck's attempt to add two deadlines (#4 and #6 above) that are not required by the Court's Order should be rejected. (*See Humana* ECF 202). In particular, Merck seeks to add deadlines for undefined document productions or privilege logs that Humana – not Merck – is purportedly required to provide. Merck's tit-for-tat approach is not contemplated by the Court's Order and should not be adopted.

Merck's position statement below refers to alleged disputes over "Humana-Cencora purchasing agreements and assignment-related communications," but Merck raised these issues with the Court in ECF 187 and the Court "denied" them because the meet-and-confer requirement was not met. (*See id.* at 3 ("Merck's cross-application to compel Humana to produce discovery (ECF 187) is denied as there is no indication that the parties have engaged in a thorough meet and confer and reached impasse.")). There is no basis to add deadlines to the schedule for "denied" issues.

Merck's suggestion below that "Humana conditioned any further meet and confer on Merck first providing additional legal argument in writing" is not accurate. In fact, Humana stated the following to Merck in a July 7, 2026 e-mail:

> In any event, to the extent Merck wants to meet-and-confer about any alleged deficiency in Humana's production of "purchasing agreements and assignment-related communications" as you stated in your e-mail below, we ask that you specifically identify any such alleged deficiency. We can make ourselves available later this week after we see your identification of

> alleged deficiencies. If you have any preferred days/times, please let us know.

In response, Merck failed to identify any alleged deficiencies, stating on July 8, 2026: "As reflected on multiple meet and confers, in the parties' prior correspondence, and in Merck's prior submissions, Merck has already identified the deficiencies it seeks to discuss." Merck, however, has not identified any particular alleged deficiencies. The most recent version of the Humana-Cencora Purchasing Agreements were produced *after* Merck filed its letter submission to the Court and Merck has never identified any particular deficiency in this production.

Further, regarding the undefined "assignment-related communications," Humana has asked Merck several times without success to clarify what alleged deficiency Merck is referring to. For example, on April 28, 2026 Humana asked:

> As for the correspondence between Humana and Cencora regarding their assignment agreement, we again confirm that the correspondence was already produced or logged. Can you please clarify what else you are seeking? For example, are you asking us to log communications between Plaintiffs' outside counsel and Cencora's outside counsel? If so, what is the basis for this request? Does Merck plan to log all of the correspondence between Gibson Dunn and Goldman Ismail in the logs it is providing this week?

Merck failed to respond to these questions or provide any clarification. Accordingly, Humana followed up with Merck again on April 30, 2026 and asked:

> Regarding the "communications with the Cencora Third-Party Defendants," we are still unclear on what you are asking for. Can you please clarify? For example, are you asking us to log communications between Plaintiffs' outside counsel and Cencora's outside counsel? If so, what is the basis for this request? Does Merck plan to log all of the correspondence between Gibson Dunn and Goldman Ismail in the logs it is providing this week?

Again, Merck failed to respond to these questions or provide any clarification.

To the extent that Merck believes there are deficiencies that merit a meet-and-confer, it should identify them so that the parties can have a meaningful meet-and-confer regarding the issues.[3] There is no basis to include deadlines in the schedule regarding such undefined issues.

---

[3] General fact discovery has closed. Humana's willingness to confer about any specific issue should not be read as agreement that the Court's June 26 Order reopened discovery for issues not addressed by that Order.

**Merck's Position Statement**

After compromising with Humana on nearly all proposed deadlines and notwithstanding Humana's position statement's inaccurate characterizations,[4] Merck's proposed schedule differs from Humana's in only two material respects. First, Merck's proposal includes deadlines to complete the meet-and-confer process and any resulting productions regarding Merck's outstanding discovery requests to Humana. Second, Merck's proposal does not include a deadline for completing depositions that have not yet been noticed.

With respect to Merck's outstanding discovery requests to Humana, Merck's proposal preserves the meaningful meet-and-confer process the Court contemplated before any renewed discovery disputes are presented. At the June 22 conference, the Court observed that "Humana confirms in ECF 189 that they're in the midst of responding and conferring with Merck about the issues Merck raised." Dkt. 190 at 38:5–7. Those discussions have not yet been completed. Merck has repeatedly sought to complete the process regarding the Humana-Cencora purchasing agreements and assignment-related communications, but Humana conditioned any further meet and confer on Merck first providing additional legal argument in writing. Merck's proposed deadlines simply provide a schedule to complete that process and any resulting productions before the parties return to the Court, if necessary.

Merck also objects to including a deadline for completing depositions. The Court did not order that any deposition occur, nor did it direct the parties to include a deposition-completion deadline in the proposed schedule. Indeed, Humana has not yet served the narrowed deposition notices contemplated by the Court's order. Whether any deposition ultimately proceeds depends on, among other things, the parties' document productions, subsequent meet-and-confer efforts, and the scope of any future deposition notices. *See, e.g.*, Dkt. 190 at 37:16–18 ("THE COURT: … There's going to be no deposition of Eric Stock until we go through supplementing the written discovery."). Under these circumstances, it is neither productive nor appropriate to impose a deadline for completing depositions. Merck therefore does not believe Humana's requested deposition deadline should be included.

Accordingly, Merck respectfully requests that the Court adopt Merck's proposed schedule.

---

[4] The Court's June 26 Order requested only the parties' proposed schedules and position statements regarding those schedules. Therefore, although Merck disagrees with several factual characterizations in Humana's position statement on the status of ongoing discovery (including Humana's assertion that Merck has not identified deficiencies in Humana's production, which Merck has repeatedly identified during four meet and confers and prior correspondence), Merck's position statement addresses only the remaining scheduling issues.

**CENTENE ACTION 2:23-cv-23033-BRM-LDW**

**Joint Statement**

The Court's Order directed the parties "to meet and confer regarding gaps in Centene's document productions." (*Centene* ECF 120 at 3). The parties met-and-conferred by videoconference on June 30, 2026. The next day, and at Centene's invitation, Merck sent Centene written follow-up questions concerning Centene's document preservation policies, issuance of a litigation hold, databases containing formularies and rebate data, and the gaps in its custodial productions (according to Merck). Centene is in the process of considering and investigating Merck's written questions and plans to respond by July 10, 2026. Merck reserves the right to seek relief from the Court in the event Centene refuses to provide additional information on these issues.

* * * *

Respectfully submitted,

*/s/ Joshua A. Druck*
Joshua A. Druck
Gimigliano Mauriello & Maloney
A Professional Association
163 Madison Avenue, Suite 500
P.O. Box 1449
Morristown, New Jersey 07962-1449

Attorneys for Humana Inc., Centene Corporation, WellCare Health Plans, Inc., New York Quality Healthcare Corporation dba Fidelis Care, and Health Net, LLC

Respectfully submitted,

*/s/ Geoffrey N. Rosamond*
Geoffrey N. Rosamond
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4056

Attorneys for Merck & Co., Inc., Merck Sharp & Dohme LLC (f/k/a Merck Sharp & Dohme Corp.), Schering Corp., and Schering-Plough Corp.

cc: All counsel of record (via ECF)