Crowell

**Preetha Chakrabarti**
PChakrabarti@crowell.com
(212) 895-4327 direct

Crowell & Moring LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
+1.212.223.4000 main
+1.212.223.4134 fax

September 22, 2026

VIA CM/ECF

Hon. Leda Dunn Wettre, United States Magistrate Judge
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

Re: *Humana Inc. v Merck & Co., Inc. et al.*, No. 2:23-cv-23023-BRM-LDW ("Humana"); *Centene Corp. at al. v. Merck & Co., Inc. et al.*, No. 2:23-cv-23033-BRM-LDW ("Centene")

Dear Judge Wettre:

Pursuant to the Court's Text Order (ECF Nos. 126 (Centene), 212 (Humana)), the parties submit this joint status letter in preparation for the telephonic status conference on September 29, 2026 at 2:30 p.m.

**THE HUMANA AND CENTENE ACTIONS**

Pursuant to the Court's Amended Scheduling Order, fact discovery closed on May 1, 2026 in the Humana and Centene actions. The following discovery disputes remain outstanding in the Humana action: Discovery relating to Merck's affirmative defenses (Humana ECF No. 225).

The following dispute remains outstanding in the Centene Action: Dispute concerning Merck's request to strike portions of Centene's damages expert report (addressed in the parties' respective position statements below).

Further, expert discovery closes today, September 22, 2026, in the Humana and Centene actions. The parties propose the following respective schedules going forward. Comments regarding these proposed schedules are provided in the parties' respective position statements below.

| Event | Centene's Proposed Schedule for the Centene Action | Humana's Proposed Schedule for the Humana Action | Merck's Proposed Schedule for Humana and Centene Cases |
|---|---|---|---|
| Deadline for all Parties to file dispositive motions and Rule 702 motions | December 17, 2026 (Agreed with Merck) | December 17, 2026 (Agreed with Merck) | December 17, 2026 |
| Deadline for all Parties to file oppositions to dispositive motions and Rule 702 motions | January 29, 2027 (Agreed with Merck) | January 29, 2027 (Agreed with Merck) | January 29, 2027 |
| Deadline for all Parties to file replies to dispositive motions and Rule 702 motions | March 5, 2027 (Agreed with Merck) | March 5, 2027 (Agreed with Merck) | March 5, 2027 |
| Hearing on dispositive motions and Rule 702 motions | May 11, 2027 (Agreed with Merck) | May 11, 2027 (Agreed with Merck) | May 11, 2027 |
| Exchange of Evidence | See pre-trial filings | See pre-trial filings | |
| Pre-trial filings | August 3, 2027 | October 7, 2027 | January 4, 2028 |
| Final pretrial conference | TBD | TBD | |
| First day of trial (*15-day trial*) | August 17, 2027 | October 21, 2027 | January 18, 2028 |
| End of trial *(excluding weekends and federal holidays)* | September 21, 2027 | November 23, 2027 | |

<u>Centene's Position Statement Regarding Centene Action</u>

Centene agrees with Merck regarding the proposed deadlines for both dispositive and *Daubert* motions. However, Centene and Merck disagree as to pretrial and trial deadlines.

Centene opposes Merck's request to consolidate the Centene and Humana actions for trial at this point. Each action stands independently and will involve non-identical evidence, witnesses, and expert opinions. As one major example, unlike Humana, Centene is not asserting direct purchaser claims under federal antitrust law. Centene will continue to look for opportunities for efficiency between the Centene and Humana trials, but at this point, submits that there is no reason to consolidate them.

Centene also opposes Merck's request to delay its trial until January 2018. Merck's proposed trial would be ***eight months after*** the Court conducts a hearing on the dispositive/*Daubert* motions, while Centene's proposal of August 17, 2027 would be three months after the hearing, which is far more reasonable.

Finally, regarding Merck's request to strike portions of Centene's damages expert report, Centene disputes the merits of Merck's request, but has agreed to a schedule with Merck to file a joint letter regarding the dispute by October 2, 2026. Centene agrees with Merck's request for a hearing regarding this dispute, but Centene opposes any attempt by Merck to hold up any deadlines in the Centene action due to this dispute or any related hearing (if scheduled). In particular, Centene opposes Merck's attempt to delay the September 29, 2026 status conference to a later date. There is no reason to delay the status conference.

<u>Humana's Position Statement Regarding Humana Action</u>

Humana is not a party to the Centene action. To the extent Merck is attempting to delay Humana's September 29, 2026 status conference or resolution of the outstanding disputes concerning Merck's deficient discovery in the Humana action (Humana ECF 225) due to a dispute in the Centene action, Humana opposes Merck's attempt. There is no reason to delay Humana's status conference or resolution of the parties' disputes.

Humana agrees with Merck regarding the proposed deadlines regarding dispositive and *Daubert* motions, but the parties diverge regarding pretrial and trial deadlines.

At this time, given the differences in evidence, fact witnesses and expert opinions, Humana opposes Merck's request to consolidate the Humana and Centene actions for trial. As stated above, unlike Centene, Humana is asserting both indirect purchaser and direct purchaser claims, the latter supporting federal antitrust claims that Centene is not asserting. Although Humana will continue to identify opportunities for efficiency between the Humana and Centene trials, at this point, given the differences between the two actions, there is no reason to consolidate them.

Humana also opposes Merck's request to delay its trial until January 2018, which would occur. ***eight months after*** the Court conducts a hearing on the dispositive/*Daubert* motions. Instead, Humana's proposal of October 21, 2027 would be five months after the hearing, and appropriated staggered from the Centene trial.

<u>Merck's Position Statement Regarding Centene and Humana Actions</u>

Merck and Centene will be submitting a joint letter to the Court in the *Centene* matter concerning Merck's motion under Federal Rules of Civil Procedure 26 and 37 to strike portions of Centene's damages expert Dr. W. David Bradford's expert report that relies on unproduced IQVIA Xponent PlanTrak data to calculate alleged overpayments Plaintiff WellCare made before January 1, 2018, and to preclude Centene from relying on such data in support of any motion or at any hearing or trial. The parties have agreed to the following schedule for submission of the joint letter:

- Merck's deadline to send initial position statement to Centene: Monday, September 21 at 8 p.m. ET

- Centene's deadline to send response to Merck: Monday, September 28 at 8 p.m. ET
- Merck's deadline to send revisions to its initial position statement to Centene: Thursday, October 1 at 8 p.m. ET
- Final revisions: October 1-2
- Deadline to file joint letter: Friday, October 2

Accordingly, Merck respectfully requests the Court either continue the September 29, 2026 status conference until after submission of the joint letter or set a separate hearing on Merck's motion at a date convenient for the Court, whichever the Court prefers.

Merck also makes a handful of observations regarding its proposed schedule.

First, given Local Civil Rule 78.1(b), the Court may not be inclined to set a hearing now on dispositive motions and Rule 702 motions. *See* Local Civil Rule 78.1(b) ("All motions and other applications will be decided on the papers submitted unless: (1) a party requests oral argument and the request is granted by the Judge; or (2) the Court, sua sponte, directs that oral argument be held. . . . If oral argument is to be heard, the Court will so notify the parties and designate the day and time of the argument."). In the event the Court does not set a hearing now on dispositive motions and Rule 702 motions, Merck respectfully requests that the Court not enter any dates beyond briefing deadlines for those motions.

Second, if the Court is inclined to set a trial date now, Merck's position is that the Court should consolidate the *Humana* and *Centene* cases for trial pursuant to Federal Rule of Civil Procedure 42 because the cases involve the same causes of action arising from the same alleged conduct, the cases were coordinated for purposes of fact and expert discovery, and it will conserve party and Court resources to conduct a single consolidated trial. *See, e.g.*, *Ingram v. Cnty. of Camden*, 2019 WL 231759, at *3 (D.N.J. Jan. 16, 2019) (consolidating two cases for trial over the defendants' objection after "find[ing] that the[] two cases involve a number of common questions of law and fact," and "that there would be significant time and expense saved by the parties, the Court, and the public purse" if the cases were consolidated). Merck also notes that the argument Humana and Centene advance against consolidation (i.e., that "[e]ach action stands independently and will involve non-identical evidence, witnesses, and expert opinions") ignores the governing standard. That is, Rule 42(a) only demands that two actions "involve common question of law or fact"; it does not require complete overlap in documentary evidence, claims, or witnesses. *See Ingram*, 2019 WL 231759, at *3 (consolidating two cases for trial where there was not complete overlap in fact witnesses and the expert witnesses in the two cases were likely to "opine on slightly different facts in relation to the claims of the two plaintiffs"). At a minimum, the Court should not order separate trials in the *Humana* and *Centene* cases at this point in time given Humana's prior representation to this Court that "Humana also believes that it may ultimately promote judicial, party and jury efficiency to conduct a consolidated trial [with the *Centene* action], but Humana respectfully submits that this decision is best deferred until after resolution of dispositive motions, when the issues to be tried in the respective cases are more finally defined." ECF No. 37.

## THE THIRD-PARTY ACTION

On August 13, 2026, Judge Martinotti entered an order lifting the prior stay of the third-party action. (ECF No. 219). The Cencora Third-Party Defendants moved for reconsideration of the Court's August 13 Order on August 27, 2026, (ECF No. 222), which the Court denied today, (ECF Nos. 226, 227).

Since Judge Martinotti lifted the stay in the third-party action, the Merck Third-Party Plaintiffs and the Cencora Third-Party Defendants have not served additional discovery concerning the third-party claims, nor were there any discovery disputes pending concerning those claims when the Court stayed the third-party action in January 2026.

The Merck Third-Party Plaintiffs and Cencora Third-Party Defendants respectfully suggest that this Court enter an Order requiring the parties to meet and confer and submit a joint letter proposing a case schedule for the third-party action on or before October 22, 2026. To the extent that the parties are unable to agree upon a schedule, they will set forth their differing positions in a joint letter.

* * * * *

The parties look forward to next week's status conference with the Court.

Respectfully submitted,

*/s/ Preetha Chakrabarti*
Preetha Chakrabarti
Crowell & Moring LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001

*Counsel for Humana Inc. and the Centene Companies*

Respectfully submitted,

*/s/ Geoffrey N. Rosamond*
Geoffrey N. Rosamond
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4056

*Counsel for Defendants and Third-Party Plaintiffs Merck & Co., Inc., Merck Sharp & Dohme LLC (f/k/a Merck Sharp & Dohme Corp.), Schering Corp., and Schering-Plough Corp.*

Respectfully submitted,

*/s/ Patrick D. Doran*
Patrick D. Doran
Buchanan Ingersoll & Rooney PC
700 Alexander Park, Suite 300
Princeton, NJ 08540

*Counsel for Third-Party Defendants AmerisourceBergen Drug Corporation, AmerisourceBergen Corporation, and Cencora, Inc. f/k/a AmerisourceBergen Corporation*